# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION CORP. 2006-WMC1, ASSET BACKED PASS-THROUGH CERTIFICATE, SERIES 2006-WMC1,<br><br>                              Plaintiff,<br><br>   vs.<br><br>ANITA MELTON; DOES 1 through 20, inclusive,<br><br>                              Defendant. | CASE NO. 11 CV 1078 MMA (BGS)<br><br>**ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

On May 17, 2011, Defendant Anita Melton filed a notice of removal from the State of California, Superior Court for the County of San Diego. [Doc. No. 1.] Having reviewed Defendant's notice of removal, the Court finds it does not have subject matter jurisdiction over this action. The Court therefore **REMANDS** this action to San Diego County Superior Court.

## **BACKGROUND**

The underlying complaint arises from Plaintiff's efforts to evict Defendant from real property located at 2471 Eileen Drive, San Diego, California 92123 ("Property"). [Doc. No. 1. Exh. A.] Plaintiff alleges it is the owner of the Property and is entitled to immediate possession, as the Property was sold in accordance with California Civil Code section 2924. Plaintiff further alleges that on February 4, 2011, Defendant was served with a three-day written notice to quit and

deliver the Property to Plaintiff, in accordance with California law. The three-day period has expired, and Defendant refuses to deliver possession of the Property to Plaintiff. Plaintiff seeks possession of the Property and damages for Defendant's alleged unlawful detainer of the Property. Defendant contends removal of the unlawful detainer action is appropriate under 28 U.S.C. § 1331, because she has raised a defense that implicates a federal statute. Specifically, Defendant asserts Plaintiff's notice to vacate the Property did not comply with 12 U.S.C. § 5220, thereby creating federal question jurisdiction. The Court disagrees.

## **DISCUSSION**

The federal court is one of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-1 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Whether federal jurisdiction exists is governed by the

1 well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a
2 "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause
3 of action' that may be initiated in or removed to federal district court . . ." *Franchise Tax Bd.*, 463
4 U.S. at 9-10. Under this rule, the federal question must be "presented on the face of the plaintiff's
5 properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183
6 (9th Cir. 2002).

7    Here, the state court complaint does not allege any claim "arising under" federal law.
8 Plaintiff in the state court action sets forth a single cause of action for unlawful detainer – a claim
9 that arises exclusively under state law. Defendant asserts federal jurisdiction is nevertheless
10 appropriate because she has raised a defense that implicates Plaintiff's compliance with a federal
11 statute. Specifically, Defendant contends Plaintiff's notice to vacate the Property was defective
12 under 12 U.S.C. § 5220. However, "[a] defense based on federal law is not sufficient to remove an
13 action to federal court." *Fed. Nat'l Mortg. Assoc. v. Rhoades*, 2011 U.S. Dist. LEXIS 417212 *2
14 (S.D. Cal.) (citing *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative
15 defense based on federal law. . . nor one based on federal preemption. . . renders an action brought
16 in state court removable."). Therefore, this Court concludes it does not have subject matter
17 jurisdiction on the basis of federal question.[1]

24 / / /
25 / / /

---

[1] In addition, the record does not indicate whether the parties are residents of different states, but a review of the complaint reveals that Plaintiff's unlawful detainer claim seeks less than $10,000 in damages, which does not meet the amount in controversy requirement to establish diversity jurisdiction.

**CONCLUSION**

Having carefully reviewed the notice of removal and the accompanying documents, the Court finds and concludes that it does not have subject matter jurisdiction over this action. Accordingly, the above captioned case is **REMANDED** to the Superior Court for the County of San Diego, case no. 37-2011-00043107-CL-UD-CTL.  The Clerk of Court is instructed to return the case to the state court forthwith and to close this action.

**IT IS SO ORDERED.**

DATED: May 18, 2011

Hon. Michael M. Anello
United States District Judge